CHARLES L. LINN, complainant-respondent,

*v.*

KAY CORPORATION et al., defendants-appellants.

[Decided May 11th, 1938.]

On appeal from an order of the court of chancery advised by Vice-Chancellor Fielder, who filed the following opinion:

"I state my reasons for advising an order in the above case appointing receiver of mortgaged premises, from which order an appeal has been taken.

"After filing his bill to foreclose a mortgage which matured January 1st, 1937, on which $35,000 is due for principal with interest from January 1st, 1934 (less $344.09 paid on account), complainant petitioned for the appointment of a receiver to take charge of a four-story apartment house containing twenty separate apartments, erected on the mortgaged land. The owner of record is Kay Corporation, whose charter was declared forfeited nearly four years ago for non-payment of corporate taxes. It appears that Commercial Trust Com-

pany is the real owner of the bond and mortgage and that complainant hold same for that corporation. An answer has been filed in the name of Kay Corporation which admits the material allegations of the bill and charges that the Trust Company is, and for several years has been, mortgagee in possession and as such has collected the rents of the mortgaged premises. With the answer a counter-claim was filed praying that the Trust Company account for rent collected. It appears, however, that under written authority dated December 26th, 1933, signed by the president of Kay Corporation, an experienced real estate man was appointed agent for Kay Corporation to manage the apartment house; to collect rent from tenants; to pay carrying charges therefrom; to pay the balance to Commercial Trust Company, to apply on its mortgage debt; to render monthly statements to Kay Corporation and that such agent has managed the mortgaged premises ever since his appointment. The appointment of a manager of the property may have been suggested or requested by the Trust Company, but his authority to act came from Kay Corporation alone.

"There is due on complainant's mortgage for principal and interest approximately $40,000 and the affidavits on behalf of complainant say that at forced sale the property will bring not more than $35,000. The affidavit for defendant made by a real estate expert fixes the forced sale value at $45,000. It is apparent that the net income from the property has been insufficient to pay interest on complainant's mortgage for the last four years. The obligor on complainant's bond is alleged to be insolvent.

"The defendant's answer and counter-claim will delay complainant in obtaining a decree for sale and in the meantime further interest will accrue on his debt, to which must be added costs of suit and sheriff's fees thus bringing the total amount to be realized on foreclosure sale up to, if not in excess of the forced sale value fixed by defendants' expert. The affairs of Kay Corporation are in control of its directors as trustees and as such they are charged with the management and disposition of the corporation's property for the benefit

of its creditors and stockholders. It appeared to me that complainant's security is uncertain or precarious and it seemed proper that a receiver of security of this nature should be appointed for protection of complainant, who has a first lien thereon, rather than leaving its management to director-trustees of Kay Corporation who may not apply the rent to reduce complainant's debt, or to keep the property in repair, or to pay municipal liens, but who may use it for their own benefit as stockholders, or for the benefit of the corporation's general creditors, all to the prejudice of complainant's rights."

*Mr. Stephen K. Sullivan, Jr.,* for the appellants.

*Mr. J. Fisher Anderson,* for the respondent.

PER CURIAM.

The order appealed from will be affirmed, for the reasons stated in the opinion delivered by Vice-Chancellor Fielder, in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, WALKER, JJ. 13.

*For reversal*—HEHER, RAFFERTY, JJ. 2.